**Decided December 9, 1987**

256

HOUSE OF REPRESENTATIVES OF )   CIVIL ACTION NO. 87-669
THE COMMONWEALTH OF THE     )
NORTHERN MARIANA ISLANDS,    )
                             )
        Plaintiff,           )
                             )
    vs.                      )       OPINION AND ORDER
                             )
THE SENATE OF THE            )
COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS,             )
                             )
        Defendant.           )
                             )

## I.

### FACTS

Amendment 9 to the Commonwealth Constitution provides for a ceiling of $2,800,000.00 on the annual budget for the Commonwealth Legislature. The Legislature is divided into two Houses, the Senate and the House of Representatives. There are nine members of the Senate and 15 members of the House. All members of the Legislature receive salaries of $30,000 per annum. Accordingly, annual salary expenditures for the elected officials serving in the House amount to $450,000 while the Senate expends only $270,000.

Plaintiff, the House of Representatives, has petitioned this court for declaratory relief as to how the legislative budget should be divided. Plaintiff contends that because the

House has more members than the Senate, dividing the legislative budget equally between the two Houses violates the Equal Protection Clause of the Commonwealth Constitution (Article I, Section 6) as the House is left with less money for operating expenses than the Senate by virtue of the fact that the House must pay out more money in salaries. Plaintiff further contends that the language of Amendment 9 is ambiguous, specifically that the wording "divided equally" is subject to varying interpretations. Plaintiff has petitioned this court to declare that the proper method for dividing the legislative budget would be to, first, deduct all of the legislative members' salaries and then equally divide the balance ensuring that both Houses had equal operating budgets.

Defendant Senate contends that Amendment 9 is clear on its face in that the words "divided equally" mean just that; that the 2.8 million legislative budget should be divided so as to give 1.4 million to each house of the Legislature.

## II.

### JURISDICTION

Plaintiff has petitioned this court for declaratory relief as to the meaning of Amendment 9 to the Commonwealth Constitution. In doing so plaintiff has sought a judicial interpretation of the Commonwealth Constitution.

Constitutional interpretation is the responsibility of the court. Elrod v. Burns, (1976) 427 U.S. 347, 353, 49 L.Ed.2d

547, 96 S.Ct. 2673, 2679; <u>Baker v. Carr</u>, (1962) 369 U.S. 196, 211, 7 L.Ed.2d 663, 82 S.Ct. 691, 706.

As the relief sought in this case calls for an interpretation of the Commonwealth Constitution, the court finds jurisdiction in this case to be present and proper.

### III.

### DISCUSSION

Amendment 9 to the Commonwealth Constitution establishes a ceiling on the budget of the Legislature. Subsection a) of Amendment 9 reads as follows:

> a) Appropriations, or obligations and expenditures, for the operations and activities of the legislature may not exceed two million eight hundred thousand dollars in any fiscal year. This ceiling on the legislative budget shall be divided <u>equally</u> between the Senate and the House of Representatives. (emphasis added)

Plaintiff argues that the words "divided equally" in Amendment 9 are ambiguous and unclear. In support of this proposition, plaintiff cites numerous dictionary definitions of the words "equal" and "divide." Plaintiff also brought forth witnesses who, as members of the House, testified there has been an ongoing dispute as to how the $2.8 million legislative budget should be divided.

259

After plaintiff had completed its presentation of the evidence, defendant moved for dismissal of this action under Com.R.Civ.Pro., Rule 41(b), on the grounds that plaintiff failed to show any right to the relief requested.

Amendment 9 clearly states that the "legislative budget shall be divided equally between the Senate and the House of Representatives."

In recommending Amendment 9 to the Constitutional Convention the Committee on Finance and Other Matters addressed the issue of how the legislative budget should be divided. Their Committee Recommendation No. 24 is before this court as Joint Exhibit No. 1. Committee Recommendation No. 24 reads, in pertinent part, as follows:

> "With respect to the question of apportionment of the ceiling between the two houses, your Committee determined that the best approach is to allocate the ceiling equally between the two houses. We feel it would be unrealistic to leave it up to the legislature to decide how the ceiling is to be divided, since doing so could easily lead to unnecessary political fights between the two houses. This view was also supported by the Director of Finance. Various views were expressed as to the proportion each house should receive. Although the House of Representatives has more members than the Senate, your Committee feels that the equal distribution is the fairest approach because 1) both houses must support central administrative, clerical, and professional staffs, 2) both houses have similar fixed expenses for building maintenance and representation in regional organizations and before the U.S. government, 3) both houses have

260

approximately the same number of committees, 4) both houses must act on the same legislation, and 5) each member of the Senate represents, and must keep in touch with, a larger number of constituents." Report to the Convention by the Committee on Finance and Other Matters, Committee Recommendation No. 24.

Thus, it is obvious not only from the wording of Amendment 9 but from the above cited committee recommendation that the intent of Amendment 9 is that the budget will be divided equally between the House of Representatives and the Senate. This is what Amendment 9 says on its face and this is what it clearly means.

This court finds no ambiguity in the term "divided equally" as used in Amendment 9. This language is perfectly clear. Committee Report No. 24 recognized that there might be disputes between the two legislative houses as to how to apportion the budget and declares that the fairest approach is to divide the budget down the middle.

In this case, the primary issue is what Amendment 9 states. In adopting Amendment 9 the people of the Commonwealth have mandated that the legislative budget should be divided equally between the House of Representatives and the Senate.

Plaintiff's argument that the language of Amendment 9 is ambiguous is not supported by the evidence presented. Further, plaintiff's witnesses offered no testimony which would cast any doubt upon the meaning of Amendment 9.

**261**

Based upon the foregoing facts and the law of this Commonwealth, this court finds that plaintiff has shown no right to the relief requested and hereby dismisses this action pursuant to Com.R.Civ.Pro., Rule 41(b).

Dated at Saipan, CM, this 9th day of December, 1987.

_____
Robert A. Hefner, Chief Judge